UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa Conness and Amy Conness, | Court File No. __0:19-cv-574_____ |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| CBS Broadcasting, Inc. d/b/a WCCO-TV, | |
| Defendant. | |

Defendant CBS Broadcasting Inc. ("CBS") files this Notice of Removal to remove this action to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §§ 1332, 1441, 1446. In support of this Notice of Removal, CBS states as follows:

## THE STATE COURT ACTION

1. On February 19, 2019, Plaintiffs Melissa Conness and Amy Conness ("Plaintiffs") served a Summons and Complaint on CBS alleging claims before the District Court for the State of Minnesota, Hennepin County—Fourth Judicial District (the "State Court Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. In their complaint, Plaintiffs allege claims of defamation, negligence, and negligent infliction of emotional distress. For each of the three counts, they allege they have sustained reasonable damages in an amount greater than $50,000, for an aggregate amount in excess of $150,000. They also seek a published apology, retraction of all

defamatory statements, costs and disbursements, reasonable attorney's fees, and such other and further relief as the Court deems just and necessary.

3. CBS has not served an answer or otherwise responded to Plaintiffs' complaint in the State Court Action.

## THE CITIZENSHIP OF THE PARTIES

4. Plaintiffs are both citizens of the State of Minnesota. (Compl. at ¶ 1.)

5. Defendant CBS is a New York corporation with its principal place of business in the State of New York. Defendant CBS is the owner and operator of WCCO-TV, broadcasting in Minneapolis, Minnesota, and greater Minnesota.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

6. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

7. Because Plaintiffs and CBS are citizens and domiciliaries of different states and because the amount in controversy requirement is satisfied, removal of this case pursuant to 28 U.S.C. § 1441(a) is appropriate based on diversity of citizenship under 28 U.S.C. § 1332.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.

8. A corporation is deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *Id.* § 1332(c)(1).

9. Because Plaintiffs are citizens of Minnesota and because CBS is a citizen of New York, there is complete diversity of citizenship between the parties to the State Court Action.

### B.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

10. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiffs seek a judgment in excess of $150,000, plus costs, disbursements, and reasonable attorney fees. (Compl. at ¶¶ 10, 12, 16.)

11. As a result, the Plaintiffs have put into controversy an amount which exceeds $75,000, exclusive of interest and costs.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

12. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Minnesota, which is the federal district court embracing the court where the State Court Action was filed.

13. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of February 19, 2019—the date on which the summons and complaint in the State Court Action were received by the Defendant.  (*See* Exhibit A at 1.)

14. Copies of all process, pleadings, orders, and other documents served upon Defendant in the State Court Action are attached to this Notice of Removal as **Exhibit A**.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on Plaintiffs and notice thereof will be filed with the Court Administrator for Hennepin County District Court.

16. Defendant CBS expressly reserves its right to raise all defenses and objections to Plaintiffs' claims after the State Court Action is removed to this Court, including but not limited to defenses based on failure to state a claim upon which relief may be granted.

**WHEREFORE**, Defendant CBS hereby removes the State Court Action to the United States District Court for the District of Minnesota.

| | |
|---|---|
| DATED:  March 7, 2019 | **BALLARD SPAHR LLP** |

By:  /s/ Leita Walker
Leita Walker ( 387095)
walkerl@ballardspahr.com
Christopher M. Proczko (0392419)
proczkoc@ballardspahr.com
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

Michael D. Sullivan, *pro hac vice pending*
sullivanm@ballardspahr.com
1909 K Street, N.W., 12th Floor
Washington, D.C.  20006-1157
(202) 508-1116
(202) 661-2299 (facsimile)

*Attorneys for CBS Broadcasting Inc.*



# Notice of Service of Process

**MD4 / ALL**
**Transmittal Number: 19392741**
**Date Processed: 02/20/2019**

| | |
|---|---|
| **Primary Contact:** | Naomi Waltman<br>CBS Corporation<br>Corporate & Securities<br>51 West 52nd Street (19-13)<br>New York, NY 10019 |
| **Entity:** | CBS Broadcasting Inc.<br>Entity ID Number  2008021 |
| **Entity Served:** | CBS Broadcasting Inc, dba Wcco-Tv |
| **Title of Action:** | Melissa Conness vs. CBS Broadcasting, Inc. d/b/a Wcco-Tv |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Hennepin County District Court, MN |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 02/19/2019 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Timothy J Lessman<br>507-344-8888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# EXHIBIT A

Case Type: Personal Injury

STATE OF MINNESOTA        IN DISTRICT COURT

COUNTY OF HENNEPIN        FOURTH JUDICIAL DISTRICT

---

Melissa Conness, and                Court File No.:
Amy Conness,

              Plaintiffs,

vs.                                 **SUMMONS**



              Defendants.

---

THIS SUMMONS IS DIRECTED TO DEFENDANTS, ABOVE-NAMED:

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: 196 St. Andrews Drive, Suite 100, Mankato, MN 56001.

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

KNUTSON + CASEY LAW FIRM

Dated: February 19, 2019

Timothy J. Lessman (0387478)
Knutson + Casey Law Firm
Attorneys for Plaintiff
196 St. Andrews Drive, Suite 100
Mankato, MN 56001
Telephone: 507-344-8888
Fax: 507-344-8616
Email: tim@knutsoncasey.com

| | |
|---|---|
| | Case Type: Personal Injury |
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Melissa Conness, and<br>Amy Conness, | Court File No.: |
| Plaintiffs,<br>vs. | **COMPLAINT** |
| CBS Broadcasting, Inc.<br>d/b/a WCCO-TV, | |
| Defendants. | |

Comes now Plaintiffs and for their Complaint, and state and allege as follows:

1. At all times material herein, Plaintiff Melissa Conness and Plaintiff Amy Conness ("Plaintiffs") were adult individuals who were residents and citizens in Lakefield, Minnesota, County of Jackson.

2. At all times material herein, Defendant WCCO-TV ("WCCO") was a subsidiary of Defendant CBS Broadcasting Inc. and owns and operates media outlets and broadcasting companies including WCCO- TV in Minneapolis, Minnesota.

3. At all times material herein, Defendant CBS Broadcasting Inc. was a foreign corporation organized in the State of New York.

## **FACTS**

4. That on or about September 10, 2018, Defendant WCCO broadcast an untrue news story about Plaintiffs, falsely reporting that Plaintiffs had had their daycare license revoked due to a

1

sexual assault by an adult. Defendant WCCO also falsely reported that an Order of Revocation of the daycare license states that a child was molested at the daycare.

5.   That Defendant WCCO, in its reporting, failed to accurately report factual information and misrepresented documents, including the Order of Revocation.

6.   That Defendants failed to or refused to publish a retraction of their false reporting despite Petitioners' notice to Defendants and demand for such retraction, pursuant to Minnesota Statute §548.06.

## COUNT ONE – DEFAMATION

7.   Plaintiffs repeat and reallege each of the allegations contained in this Complaint.

8.   That the false statements, innuendo and implication by Defendants that Plaintiffs were involved in a sexual assault at their daycare and that a child was molested at Plaintiffs' daycare, as alleged and set forth herein, constitutes defamation that caused damage to Plaintiffs' reputations and injury to them.

9.   That the false statements, innuendos and implication by Defendants that Plaintiffs were involved in a sexual assault or molestation constitutes defamation *per se*. The false statements by Defendants wrongly infers and creates the impression that Plaintiffs have engaged in illegal, immoral, criminal or wrongful conduct.

10.  That as a direct and proximate result of Defendant's defamation of Plaintiffs, Plaintiffs have been injured, suffered harm to their reputations, and sustained reasonable damages in an amount greater than Fifty Thousand Dollars ($50,000.00).

## COUNT TWO – NEGLIGENCE

11.  That Defendants were negligent in making their false, defamatory statements and identifications regarding Plaintiffs.

2

12. That as a direct and proximate result of Defendants' negligence, Plaintiffs were injured in an amount in excess of $50,000.00.

### COUNT THREE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

13. Plaintiffs repeat and reallege each of the allegations contained in this Complaint.

14. That Defendants engaged in the conduct described herein knowing and intending that such conduct was unlawful and would cause Plaintiffs severe emotional distress predictable as a result of such conduct.

15. That Plaintiffs have in fact been subjected to severe emotional distress predictable as a result of such conduct by Defendants, and that Plaintiffs continue to be subjected to such distress.

16. That as a direct and proximate result of the negligent infliction of emotional distress upon Plaintiffs by Defendants, Plaintiffs have been injured, suffered harm, and sustained reasonable damages in an amount greater than Fifty Thousand Dollars ($50,000.00).

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

1. For Judgment against Defendants, jointly and severally, in an amount in excess of $50,000.00;

2. For such other and further relief the court deems just and necessary, including but not limited to, a published apology and retraction of all defamatory statements.

ACKNOWLEDGEMENT: The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney fees may be awarded pursuant to Minn. Stat. § 549.21, Subd. 2, to the party against whom the allegations in this pleading are asserted.

3

Dated: February 19, 2019

KNUTSON + CASEY LAW FIRM

*(signature)*

Timothy J. Lessman (0387478)
Knutson + Casey Law Firm
Attorneys for Plaintiff
196 St. Andrews Drive, Suite 100
Mankato, MN 56001
Telephone: 507-344-8888
Fax: 507-344-8616
Email: tim@knutsoncasey.com

4