UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Melissa Conness and Amy Conness, | Case No. 19-cv-0574 (WMW/HB) |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| CBS Broadcasting, Inc., d/b/a WCCO-TV, | |
| Defendant. | |

This matter is before the Court on Defendant CBS Broadcasting, Inc.'s motion to dismiss the complaint of Plaintiffs Melissa Conness and Amy Conness. (Dkt. 12.) For the reasons addressed below, the motion to dismiss is granted.

## BACKGROUND

Plaintiffs Melissa Conness and Amy Conness (the Connesses) are residents of Lakefield, Minnesota, who owned and operated a daycare business. The Connesses initiated this lawsuit against Defendant CBS Broadcasting, Inc., (CBS), alleging defamation (Count I), negligence (Count II), and negligent infliction of emotional distress (Count III). The Connesses allege that a local news program on CBS falsely reported on September 10, 2018, that their daycare license was revoked after a child in their care was sexually assaulted by an adult. The CBS story, the Connesses allege, implied that they "were involved in a sexual assault or molestation" and "have engaged in illegal, immoral, criminal or wrongful conduct."

CBS now moves to dismiss the complaint. In support of its motion, CBS attaches a copy of the online publication that the Connesses allege was defamatory. The publication reads:

> A daycare in Lakefield, Minnesota, had its license revoked Friday after it was determined a child had been sexually assaulted by an adult in June.

> The order of revocation states a child who was at the daycare was molested June 4 or 5 by someone who had access to the child while in the care of the facility. A temporary revocation was issued June 11 and was not appealed, so the suspension remains in effect.

> The owners of the daycare, Melissa Conness and Amy Conness, closed the daycare June 8.

Attaching the supporting documents to its motion to dismiss, CBS claims the news report was based exclusively on information obtained from public records available on the Minnesota Department of Human Services website.

## ANALYSIS

CBS moves to dismiss the Connesses's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But a pleading that relies on " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' " is insufficient; as is "a complaint [that] tenders 'naked assertion[s]' " without "factual enhancement." *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555, 557 (2007)). A court need not accept the plaintiffs' contentions as to legal conclusions, however. *Id*. Although a district court generally must ignore materials outside the pleadings when ruling on a Rule 12(b)(6) motion, "materials that are part of the public record or do not contradict the complaint" may be considered by the district court, *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014), along with materials that are necessarily embraced by the pleadings, *id*.

## I.    Defamation (Count I)

A plaintiff alleging a defamation claim under Minnesota law[1] must prove that the defendant published a false statement of fact "of and concerning" the plaintiff that damaged the plaintiff's reputation and lowered the plaintiff's estimation in the community. *See Toney v. WCCO Television, Midwest Cable & Satellite, Inc.*, 85 F.3d 383, 386 (8th Cir. 1996) (citing *Lewis v. Equitable Life Assurance Soc'y*, 389 N.W.2d 876, 886 (Minn. 1986)). To satisfy the "of and concerning" element, a plaintiff need not be named in the defamatory statement as long as the reader would understand "by fair implication" that the statement is directed at the plaintiff. *Glenn v. Daddy Rocks, Inc.*, 171 F. Supp. 2d 943, 948 (D. Minn. 2001).

CBS contends that the defamation claim is deficient as to the "of and concerning" element. CBS maintains that, other than the statement informing that the daycare owners closed the daycare, nothing in the publication explicitly, or by implication, referred to Melissa Conness and Amy Conness. Identification of the Connesses as the daycare

---

[1]    Because this case proceeds under the Court's diversity jurisdiction, Minnesota substantive law applies. *See Toney v. WCCO Television, Midwest Cable & Satellite, Inc.*, 85 F.3d 383, 386 (8th Cir. 1996).

owners is not actionable because it is the truth. *See Turkish Coalition of Am., Inc. v. Buininks*, 678 F.3d 617, 625 (8th Cir. 2012) (stating that truth is a complete defense to defamation under Minnesota law). And no other aspect of the report refers to Melissa Conness or Amy Conness, either explicitly or by implication. This argument is availing.

Even when accepting as true the factual allegations in the complaint and considering the report and public records submitted by CBS, *Smithrud*, 746 F.3d at 395, the Connesses fail to plead a claim of defamation. Other than the last sentence, which identifies the Connesses as the daycare owners, the report neither explicitly nor implicitly refers to them. The last sentence of the article is not defamatory because it is a true statement. Moreover, a reader would not necessarily understand by fair implication the alleged defamatory statements to be "of and concerning" the Connesses. As such, the "of and concerning" element of the defamation claim is deficient. For these reasons, CBS's motion to dismiss Count I of the complaint is granted.

## II. Negligence (Count II) and Negligent Infliction of Emotional Distress (Count III)

CBS also moves to dismiss both the negligence and negligent-infliction-of-emotional-distress claims, which CBS argues inextricably rely on the deficient defamation claim. The Court agrees that dismissal is warranted.

"A negligent infliction of emotional distress claim based on the same facts as a failed defamation claim cannot survive." *Covey v. Detroit Lakes Printing Co.*, 490 N.W.2d 138, 144 (Minn. Ct. App. 1992). Logic dictates the same to be true of a negligence claim. *Cf. id.* Here, the complaint tethers both the negligence and negligent-

infliction-of-emotional-distress claims to the same facts alleged in support of the defamation claim. For example, the complaint alleges "[t]hat Defendants were negligent in making their false, defamatory statements and identifications regarding Plaintiffs" and that "Defendants engaged in the conduct described herein knowing and intending that such conduct . . . would cause Plaintiffs severe emotional distress predictable as a result of such conduct." When applying the reasoning of *Covey*, 490 N.W.2d at 144, to the remaining claims at issue here, dismissal of Counts II and III of the complaint also is warranted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Defendant CBS Broadcasting, Inc.'s motion to dismiss the complaint, (Dkt. 12), is **GRANTED**.

2.      Counts I, II, and III of the complaint, (Dkt. 1), are **DISMISSED** without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  December 17, 2019                              s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge